IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS ALEXANDER DAVIS, III, ) | |
|     Plaintiff, ) | Case No. 7:23cv00377 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| J. C. STREEVAL, ) | By:  Robert S. Ballou |
|     Defendant. ) | United States District Judge |

Thomas Alexander Davis, III, a federal inmate in custody at USP Lee in Jonesville, Virginia, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his 2016 lifetime sentence for bank robbery, imposed by the District Court for the Southern District of Iowa. For the reasons discussed below, I find that the relief Davis seeks is not available under § 2241 and must be denied.

## Background

The grand jury for the Southern District of Iowa returned an indictment against Davis for robbery of a branch of U.S. Bank in Muscatine, Iowa, on November 28, 2012, in violation of 18 U.S.C. § 2113(a). The government filed a notice that Davis faced mandatory life imprisonment under 18 U.S.C. § 3559(c), if convicted, based on his prior convictions for armed bank robbery on May 3, 1995, and robbery with a deadly weapon on January 27, 2005. Following a four-day trial, the jury found Davis guilty. At sentencing, Davis objected to the determination that he was subject to mandatory life incarceration and argued that his prior robbery convictions did not qualify as predicate offenses. The trial court overruled Davis's objections and sentenced him to mandatory life. On appeal, the Eighth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion. *United States v. Davis*, No. 16-3017 (8th Cir. Aug. 16, 2017).

Davis then filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the District Court for the Southern District of Iowa. Among the numerous issues he raised, Davis argued that his prior robbery convictions did not qualify as predicate offenses for the lifetime sentencing enhancement and that his appellate attorney was ineffective for not raising the issue on appeal. The District Court dismissed Davis's petition on November 26, 2018, and denied a certificate of appealability. *Davis v. United States*, No. 4:18cv0444-JAJ (S.D. Iowa Nov. 26, 2018).

On May 24, 2022, Davis filed an application for leave to file a second or successive motion under 28 U.S.C. § 2255. Davis argued that the 2021 Supreme Court case, *Borden v. United States*, 141 S.Ct. 1817 (2021),[1] rendered his sentencing enhancement invalid. The Eighth Circuit Court of Appeals denied the motion for authorization to file a successive motion under § 2255.

Davis has now filed the current petition under § 2241, making the same argument he made in his application to file a successive motion under § 2255.

## DISCUSSION

When a petitioner challenges his federal conviction and sentence under § 2255, the challenge is properly made in the district court that sentenced him. To file a second or subsequent motion under § 2255, a petitioner must get pre-authorization from the Circuit Court of Appeals, to make sure that the petitioner's claims fall in the very narrow exceptions to the rule prohibiting subsequent motions. *See* 28 U.S.C. § 2255(h). A federal prisoner may not "file a

---

[1] In *Borden*, the plurality opinion held that "use of physical force against the person of another" in the Armed Career Criminal Act's (ACCA) definition of violent felony did not include crimes for which a *mens rea* of recklessness was sufficient to support a conviction. In opposing Davis's motion for leave to file a successive petition, the government noted that Davis was not enhanced under the elements definition of violent crime in the ACCA, but under the enumerated offenses listed in 18 U.S.C. § 3559(c)(2)(F)(i). Further, *Borden* interpreted a statutory definition, not a rule of constitutional law.

second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones v. Hendrix*, 143 S.Ct. 1857, 1863 (2023). The Eighth Circuit Court of Appeals gave no reason for denying Davis's motion to file a successive motion, but Davis sought to file a second § 2255 motion based on a more favorable interpretation of statutory law adopted after his conviction was final and his habeas motion resolved. Thus, a successive motion was unavailable.

The savings clause in § 2255 allows a prisoner to seek relief under § 2241 when § 2255 is "inadequate or ineffective" to provide relief, but the Supreme Court has held that the limitation on second or successive motions does not render § 2255 ineffective. *Jones*, 143 S.Ct. at 1863. Therefore, a prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255. Davis's petition must be denied.

## CONCLUSION

For the reasons stated above, Davis's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**, and this action is **STRICKEN** from the active docket of the court.

The Clerk shall send copies of this opinion and order to Mr. Davis.

Enter: July 27, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge